**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6541**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY LAVELLE INGRAM,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:18-cr-00061-BO-2; 5:20-cv-00691-BO)

Submitted:  October 18, 2022                           Decided:  October 21, 2022

Before WYNN and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Terry Lavelle Ingram, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Lavelle Ingram seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Limiting our review of the record to the issues raised in Ingram's informal brief, we conclude that Ingram has not made the requisite showing.[*] *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we deny a certificate of appealability and dismiss the appeal.

---

[*] We decline to consider Ingram's actual innocence and ineffective assistance claims that he raises for the first time on appeal. *See Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) ("It is well established that this court does not consider issues raised for the first time on appeal, absent exceptional circumstances." (cleaned up)).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*